Adams v. Horton

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of June, two thousand eighteen.

PRESENT:
>   **Dennis Jacobs,**
>   **Denny Chin,**
>   >   *Circuit Judges,*
>   **William F. Kuntz,**
>   >   *District Judge.\**

_____

**Bahji Adams,**

>   *Plaintiff-Appellant,*

>   v.                                                                          **17-2061**

**Keith Horton, individually, Georgia Division of Child Support Services,**

_____

\*  Judge William F. Kuntz of the United States District Court for the Eastern District of New York, sitting by designation.

**Commissioner for State of Vermont for the Office of Child Support, et al., Robyn A Crittendon, in her official capacity as Commissioner of the Georgia Department of Human Services, Vermont Office of Child Support,**

                *Defendants–Appellees*,

**John Doe, Jane Doe,**

                *Defendants.*

_____

**FOR PLAINTIFF-APPELLANT:**      Bahji Adams, *pro se*, Burlington, VT.

**FOR DEFENDANTS-APPELLEES:**      Kathleen M. Pacious, Deputy Attorney General, Susan E. Teaster, Michelle J. Hirsch, Senior Assistant Attorneys General, *for* Christopher M. Carr, Attorney General of the State of Georgia, Atlanta, GA (for Keith Horton, Georgia Division of Child Support Services, Robyn A. Crittenden in her official capacity as Commissioner of the Georgia Department of Human Services).

                                       David R. Groff, Assistant Attorney General, *for* Thomas J. Donovan, Jr., Attorney General of the State of Vermont, Montpelier, VT (for Commissioner of Vermont Office of Child Support, Vermont Office of Child Support).

Appeal from a judgment of the United States District Court for the District of Vermont (Murtha, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Bahji Adams, *pro se*, sued Georgia and Vermont child support offices and officials under 42 U.S.C. § 1983, the Americans with Disabilities Act, and § 504 of the Rehabilitation Act, challenging the defendants' enforcement of a child support order against her. The district court dismissed the complaint as to the Georgia defendants for lack of personal jurisdiction, and for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine as to the Vermont defendants. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review a district court's dismissal of an action for want of personal jurisdiction *de novo*, construing all pleadings and affidavits in the light most favorable to the plaintiff[s] and resolving all doubts in the plaintiff[s'] favor." *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 59 (2d Cir. 2012) (alterations in original). We review a district court's application of the *Rooker-Feldman* doctrine *de novo*. *Hoblock v. Albany Cty. Bd. of Elections*, 422 F.3d 77, 83 (2d Cir. 2005). We review a district court's denial of leave to amend the complaint for abuse of discretion. *Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 185 (2d Cir. 2012).

Adams's complaint, like others she has filed, challenges the Georgia child support order and the Vermont enforcement of that order by arguing that the defendants did not consider her disabilities. These challenges are barred by the *Rooker-Feldman* doctrine. That doctrine states that federal courts lack jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

All four elements are present here. Adams lost in state court (both Georgia and Vermont), seeks redress for injuries caused by those orders (child support), functionally seeks review and rejection of those orders, and filed her federal lawsuit after the orders were entered in the state proceedings. Adams dresses up her claims as failures to accommodate her disabilities, but she primarily complains about the child support amount ordered by a court, and the accommodation she seeks is to *reduce* the amount. She thus attacks the orders by challenging the defendants' enforcement. Her claim is therefore barred by *Rooker-Feldman*. *See, e.g.*, *Hoblock*, 422 F.3d at 88 ("[A] federal suit complains of injury from a state-court judgment, even if it appears to complain only of a third party's actions, when the third party's actions are produced by a state-court judgment and not simply ratified, acquiesced in, or left unpunished by it.").

The district court did not abuse its discretion by denying leave to amend as to the *Rooker-Feldman* issue. Ordinarily, district courts should not dismiss a *pro se* complaint without permitting at least one opportunity to amend; but leave to amend is not necessary if it would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). Here, Adams has twice sought (unsuccessfully) to challenge her child support obligation through federal lawsuits alleging violations of the ADA, the Rehabilitation Act, and due process. Nothing in her brief gives any indication that she would be successful were she given another attempt to assert her claims.

We have considered all of Adams's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court
